UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

AISHA HASSAN and
LAVERNE MCGEE,

      Plaintiffs,

v.

CASE NO.: 6:18-cv-01909-RBD-TBS

RICK SINGH, in his capacity as
ORANGE COUNTY PROPERTY
APPRAISER,

      Defendant.
_____/

**DEFENDANT'S MOTION FOR ATTORNEY DISQUALIFICATION**

Defendant, RICK SINGH, in his capacity as ORANGE COUNTY PROPERTY APPRAISER[1] ("Defendant"), pursuant to Rule 4-1.9 of the Rules of Professional Conduct of the Rules Regulating the Florida Bar and Local Rules 2.04(d) and 3.01(g), and for good cause shown, moves this Court to disqualify attorney Jill Schwartz ("Schwartz") and the law firm of Jill S. Schwartz & Associates from the representation of Plaintiffs AISHA HASSAN and LAVERNE MCGEE (collectively, "Plaintiffs") in this matter as follows:

**RELEVANT FACTUAL HISTORY**

1. On May 12, 2009, Schwartz and her firm, Jill S. Schwartz & Associates, P.A., were retained as counsel for Defendant. [See May 12, 2009, Letter from Jill S.

---

[1] Because Plaintiffs named Rick Singh in his official capacity as Defendant, the suit is effectively against the office of the Orange County Property Appraiser. See Busby v. City of Orlando, 931 F.2d 764, 776 (11th Cir. 1991) ("[W]hen an officer is sued under Section 1983 in his or her official capacity, the suit is simply 'another way of pleading an action against an entity of which an officer is an agent.'" (internal citation omitted)).

Schwartz, attached hereto as Exhibit A; May 8, 2009, Engagement Letter, attached hereto as Exhibit B.]

2. Schwartz immediately began to provide legal counsel to Defendant on employment matters.

3. On March 30, 2011, Schwartz sent a letter to Defendant stating that "we" (presumably she and her associate David Spalter who was copied on the letter) "have reviewed your current Employee Handbook." According to Schwartz, the Employee Handbook was "comprehensive and complies with the current pertinent labor and employment laws." As such, Schwartz recommended only a few policy changes. [See March 30, 2011, Letter from Jill S. Schwartz, attached hereto as Exhibit C.] One of the policies that Schwartz approved as being comprehensive and complying with the law, and therefore needing no change, was Defendant's "Expense Reimbursements" policy. [See Defendant's Employee Handbook, pgs. 56-57, attached hereto as Exhibit D.]

4. Rick Singh was elected to the office of Orange County Property Appraiser in 2012. Thereafter, he sought and was provided expense reimbursement pursuant to the Employee Handbook's "Expense Reimbursements" policy that Schwartz reviewed and approved as being comprehensive and complying with the law. [See Declaration of Rick Singh ("Singh Dec."), attached hereto as Exhibit E, at ¶3.]

5. Schwartz continued to represent Defendant on employment matters until at least September of 2013. [Ex. E, at ¶4.] This included a matter before the Equal Employment Opportunity Commission that involved claims of discrimination and retaliation. During this time period, Schwartz was privy to confidential information

regarding Defendant's litigation and settlement strategies. [Ex. E, at ¶4.]

6. On February 10, 2016, the Orange County Comptroller finished an audit of Defendant which looked into expense reimbursements during the period of January 1, 2013 through June 30, 2015. This included a period of time in which Schwartz was serving as Defendant's counsel. [Ex. E, at ¶5.]

7. The audit did not find that Defendant engaged in any wrongdoing, but did conclude that the reimbursement policy in the Employee Handbook that Schwartz reviewed and approved was too broad and needed to be supplemented "with guidance that establishes clear, objective parameters" for meal and refreshment reimbursements. Additionally, the Audit concluded that Defendant's policy on reimbursements in the Employee Handbook that Schwartz reviewed and approved was too lax on travel reimbursements, and recommended that it be supplemented "to better ensure travel related expenses are minimized." [See Audit of the Orange County Property Appraiser's Office Procurement Card Usage, pgs. 10-15, attached hereto as Exhibit F.]

8. After the 2016 audit, Defendant updated its reimbursement policy to reflect the audit recommendation. [Ex. E, at ¶6.] Until that point, Defendant and its employees operated under the reimbursement policy reviewed and approved by Schwartz. [Ex. E, at ¶6.]

9. On November 6, 2018, Plaintiffs filed their Complaint against Defendant. In the Complaint, Plaintiffs made multiple allegations related to reimbursements for travel and food expenses prior to 2016, including ones in 2013 that were reviewed and addressed in the Audit. [Doc. 1, ¶¶ 31-62]. All of these allegations relate to reimbursements that

were made under the Employee Handbook policy reviewed and approved by Schwartz.

10. Plaintiffs have also made multiple allegations related to the 2016 audit of Defendant, which based two of its three conclusions/recommendations on problems with Defendant's reimbursement policy that was approved by Schwartz. [Doc. 1, ¶¶ 21-31, 36, 41, 50, 54-57].

11. Schwartz signed the Complaint as counsel for Plaintiffs, and therefore is currently acting as a counsel for parties in a lawsuit that, in part, attacks Schwartz's work for her former client. [Doc. 1, p.38.]

12. Defendant's prior counsel expressly brought the conflict issue to Schwartz's attention prior to her filing the Complaint. [See June 25, 2018 correspondence from Mayanne Downs, attached hereto as Exhibit G.] Schwartz chose to move forward with her representation adverse to Defendant despite being on notice of the conflict. Moreover, Plaintiffs have chosen to raise this issue in their Complaint (thereby necessitating that Defendant address it with the Court). [Doc. 1, ¶¶183, 199.]

## ANALYSIS

Defendant acknowledges that there is a constitutionally based right to a party's counsel of choice. In re BellSouth Corp., 334 F.3d 941, 955 (11th Cir. 2003). However, this right is not absolute. Id. McGuin v. Texas Power & Light Co., 714 F.2d 1255, 1262 (5th Cir. 1983). The attorney chosen to represent a party cannot have a conflict of interest. Id. Also, the attorney cannot disclose confidential information from a prior client during the representation. Id. The choice of counsel "is never completely unfettered." Id.

Motions to disqualify counsel are governed by two sources of authority – the relevant court's local rules and federal common law.  Herrmann v. GutterGuard, Inc., 199 Fed. Appx. 745, 752 (11th Cir. 2006).  According to the Local Rules of the Middle District of Florida, attorneys must follow the Rules of Professional Conduct of the Rules Regulating the Florida Bar ("Florida Rules of Professional Conduct") in determining whether the representation of a specific client is appropriate.  Mitchell v. Hunt, No. 8:15-CV-2603-T-23TGW, 2017 WL 1157897, at *3 (M.D. Fla. Jan. 9, 2017), report and recommendation adopted, No. 8:15-CV-2603-T-23TGW, 2017 WL 1135296 (M.D. Fla. Mar. 27, 2017); Local Rule 2.04(d).  Disqualification of any chosen attorney must rest on the violation of a specific Rule.  Id.  (citing Schlumberger Techs., Inc. v. Wiley, 113 F.3d 1553, 1561 (11th Cir.1997)).

According to Florida Rules of Professional Conduct Rule 4-1.9:

A lawyer who has formerly represented a client in a matter must not afterwards:

> **(a)** represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent;
>
> **(b)** use information relating to the representation to the disadvantage of the former client except as these rules would permit or require with respect to a client or when the information has become generally known; or
>
> **(c)** reveal information relating to the representation except as these rules would permit or require with respect to a client.

Pursuant to Florida law, a party seeking to disqualify opposing counsel under this rule must prove (1) the existence of a prior attorney-client relationship, and (2) that the

matters in the current suit are substantially related to the previous matter where the attorney represented the former client. Shivers v. Intl Bd. Of Elc. Workers Local Union, 349, 262 Fed. App'x 121, 126 (11th Cir. 2008); *see also* State Farm Mut. Auto. Ins. Co. v. K.A.T., 575 So.2d 630, 633-34 (Fla. 1991).

1. *Defendant and Schwartz had a Prior Attorney-Client Relationship*

There is no doubt that Defendant can prove it had a prior attorney-client relationship with Schwartz and her law firm, and therefore satisfy the first requirement for disqualification under Rule 4-1.9. Defendant and Schwartz signed an engagement letter, Schwartz wrote a separate letter expressing her excitement at representing Defendant, and Schwartz provided Defendant with advice and representation on multiple occasions until at least the latter part of 2013.

2. *Schwartz's Representation of Plaintiffs is Substantially Related to Her Earlier Work for Defendant.*

According to the Comments to Rule 4-1.9, "[m]atters are "substantially related" for purposes of this rule if they involve the same transaction or legal dispute, or if the current matter would involve the lawyer attacking work that the lawyer performed for the former client." Matters are also substantially related when the first matter "could reasonably be understood as important to the issues involved in the present matter." Mitchell, 2017 WL 1157897, at *4.

First, Defendant can show that Schwartz's representation of it is substantially related to the current lawsuit based upon the official comments to Rule 4-1.9. Much of Plaintiffs' case is based on the inaccurate premise that they "blew the whistle" on Defendant's alleged misuse of government funds. Defendant's use of funds during a large

portion of the time about which Plaintiffs are complaining was governed by policies personally reviewed and approved by Schwartz. In other words, Schwartz gave her legal opinion that Defendant's reimbursement policy was sufficient, and Defendant relied upon this advice. Plaintiffs' lawsuit attacks the work that Schwartz previously performed for Defendant, which the comments to Rule 4-1.9 clearly state means the current lawsuit is substantially related to Schwartz's former work for Defendant. Thus, the second requirement for disqualification is fulfilled.

Second, Schwartz's work in this case is also substantially related to her work for Defendant under federal common law because the work Schwartz did on Defendant's Employee Handbook will be important to the issues involved in the current matter. According to the Orange County Comptroller's audit, any issues with Defendant's use of funds were caused by the vague reimbursement policy reviewed and approved by Schwartz. This audit and the circumstances surrounding it are obviously important to Plaintiffs' claims, demonstrated by the fact that the audit is discussed in more than ten paragraphs of the Complaint. Therefore, the current matter and Schwartz's current representation are substantially related pursuant to federal common law.

   3. *Schwartz's Conflict of Interest is Imputed to All Lawyers in Her Firm.*

According to Florida Rules of Professional Conduct Rule 4-1.10(a), "[w]hile lawyers are associated in a firm, none of them may knowingly represent a client when any 1 of them practicing alone would be prohibited from doing so by rule 4-1.7 or 4-1.9…" Rule 4-1.10; See also Baybrook Homes, Inc. v. Banyan Const. & Dev., Inc., 991 F. Supp. 1440, 1443 (M.D. Fla. 1997). There are certain exceptions to this Rule for when attorneys

switch firms, but none apply to the matter at hand. Therefore, since Schwartz is prohibited from representing Plaintiffs under Rule 4-.19, this conflict is imputed to all attorneys in her firm pursuant to Rule 4-1.10.

Schwartz (and her firm) had a prior attorney-client relationship with Defendant, and Schwartz's representation of Defendant is substantially related to her representation of Plaintiffs. Based on this, there is an obvious conflict of interest in Schwartz or any attorneys in her firm being materially adverse to her former client in this matter. Therefore, she and her entire firm must be disqualified.

## RULE 3.01(g) CERTIFICATION

In accordance with Local Rule 3.01(g), Counsel for Defendant has conferred in good faith with Counsel for Plaintiffs, who indicate that Plaintiffs oppose the relief requested in this Motion.

WHEREFORE, Defendant respectfully requests that this Court grant its Motion for Attorney Disqualification and disqualify attorney Jill S. Schwartz and the firm of Jill S. Schwartz and Associates from serving as counsel for Plaintiffs in this matter.

    s/ Jeffrey E. Mandel
Jeffrey E. Mandel
Florida Bar No.: 613126
Email: jmandel@fisherphillips.com
Benton N. Wood
Florida Bar No. 957275
Email: bwood@fisherphillips.com
FISHER & PHILLIPS LLP
200 South Orange Avenue, Suite 1100
Orlando, FL  32801
Telephone:  (407) 541-0888
Fax:  (407) 541-0887

          Carlos J. Burruezo, Esq.
          Florida Bar Number 843458
          carlos@burruezolaw.com
          docketing@burruezolaw.com
          Bertha L. Burruezo, Esq.
          Florida Bar Number 596973
          bertha@burruezolaw.com
          BURRUEZO & BURRUEZO, PLLC
          941 Lake Baldwin Lane, Suite 102
          Orlando, Florida 32814
          Office: 407.754.2904
          Facsimile: 407.754.2905

          Counsel for Defendant

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on February 15, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to: Counsel for Plaintiff, Jill S. Schwartz, Esquire, David H. Spalter, Esquire, and Christopher A. Pace, Esquire, JILL S. SCHWARTZ & ASSOCIATES, P.A., 655 West Morse Boulevard, Suite 212, Winter Park, Florida 32789.

          s/ Jeffrey E. Mandel
          Jeffrey E. Mandel